**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, an Arizona Limited Liability Company, | No. 16-55632 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08233-R-JC |
| v. | |
| IRONMAG LABS, LLC, a Nevada Limited Liability Company; ROBERT DIMAGGIO, an individual; IRON MAG RESEARCH, a Nevada Limited Liability Company, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, Presiding Judge

Argued and Submitted December 6, 2017
Pasadena, California

Before: KELLY,** CALLAHAN, and BEA, Circuit Judges.

Plaintiff-Appellant Nutrition Distribution LLC appeals from the dismissal of

its complaint against Defendants-Appellees IronMag Labs, LLC, IronMag

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Research, LLC, and Robert DiMaggio (collectively, "IronMag"). The district court dismissed Nutrition Distribution's Lanham Act and California state law claims for false advertising and unfair competition, determining that they fell under the primary jurisdiction of the Food and Drug Administration (FDA). The district court also dismissed Nutrition Distribution's Racketeer Influenced and Corrupt Organizations Act (RICO) claim against IronMag, even though the court had previously denied Nutrition Distribution's motion to add the RICO claim in an amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand with instructions that the district court reconsider its application of the primary jurisdiction doctrine in a manner consistent with this memorandum disposition.

## A.  Primary Jurisdiction

A district court's application of the primary jurisdiction doctrine is reviewed de novo, but its decision whether to exercise jurisdiction is reviewed for abuse of discretion. *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). Under the primary jurisdiction doctrine, a court "may stay the case and retain jurisdiction or, 'if the parties would not be unfairly disadvantaged, . . . dismiss the case without prejudice.'" *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006) (alteration in original) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268–69 (1993)). Here, the district court granted IronMag's motion to dismiss Nutrition

16-55632

Distribution's complaint but did not specify whether the dismissal was with prejudice. Federal Rule of Civil Procedure 41(b) provides that a dismissal operates as an adjudication on the merits unless the order states otherwise (or is a dismissal for lack of jurisdiction, improper venue, or failure to join a party). Because the district court did not state otherwise (and because a dismissal under the primary jurisdiction doctrine is not a dismissal for lack of jurisdiction, *see Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)), we interpret the dismissal as an adjudication on the merits that was therefore with prejudice. As noted, a court applying the primary jurisdiction doctrine has discretion either to stay proceedings or dismiss the case *without* prejudice; dismissing *with* prejudice is a misapplication of the law and an abuse of discretion. *See Pauma Band of Mission Indians v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015) ("A misapplication of the correct legal rule constitutes an abuse of discretion.").

In exercising its discretion on remand, the district court must consider whether the parties would be unfairly disadvantaged by dismissal. *See Davel Commc'ns*, 460 F.3d at 1091. A factor in determining unfair disadvantage is "whether there is a risk that the statute of limitations may run on the claims pending agency resolution of threshold issues." *Id.* It is also advised that "where the court suspends proceedings to give preliminary deference to an administrative agency but further judicial proceedings are contemplated, then jurisdiction should

3                                                                                                     16-55632

ordinarily be retained via a stay of proceedings, not relinquished via a dismissal." *Id.* The district court should further consider whether, during the pendency of this appeal, the FDA has provided sufficient "expert advice that would be useful to the court in considering this lawsuit," *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), obviating the need for further guidance from the FDA. In contrast to other contexts where a "final" agency determination is necessary, *see, e.g.*, *Dietary Supplemental Coal., Inc. v. Sullivan*, 978 F.2d 560, 563 (9th Cir. 1992) (holding that a party may challenge an agency's classification of a dietary supplement only where there has been a final agency determination on the issue), under the primary jurisdiction doctrine, the agency's guidance need not be given in connection with formal proceedings or as part of a final determination, *see Reid*, 780 F.3d at 966 (recognizing that guidance from the FDA may come in the form of warning letters). If the FDA is aware of but expresses no further interest in the subject matter of the lawsuit, the court should not invoke the primary jurisdiction doctrine. *Astiana*, 783 F.3d at 761.

## B. RICO Claim

Nutrition Distribution also appeals from the dismissal of its RICO claim against IronMag. But the district court had previously denied Nutrition Distribution leave to amend its complaint to add the RICO claim. The court nevertheless discussed the RICO claim, as it did not affect the outcome of its

16-55632

ruling. Because the claim was never properly before the district court, the dismissal of Nutrition Distribution's RICO claim is not reviewable on appeal. *See California v. Rooney*, 483 U.S. 307, 311 (1987) ("This Court 'reviews judgments, not statements in opinions.'" (quoting *Black v. Cutter Labs.*, 351 U.S. 292, 297 (1956))).

## C. Pending Motions

Also pending are Nutrition Distribution's motion to take judicial notice of two district court decisions and GTx, Inc.'s motion to file an amicus brief. We DENY Nutrition Distribution's motion to take judicial notice and GRANT GTx's motion to file an amicus brief.

**REVERSED AND REMANDED.**

16-55632